**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DION HENDERSON and DEBORAH CALHOUN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 3458 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS, OFFICER COLLINS, STAR # 16346, OFFICER McGREW, STAR # 12540, OFFICER LACHANCE, STAR # 19619, OFFICER SCHMIDT, STAR # 7442, AND UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) | Honorable Judge Pallmeyer |
| Defendants. | ) | JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

NOW COME the plaintiffs, DION HENDERSON and DEBORAH CALHOUN, through their attorneys, and complaining of the defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS, OFFICER COLLINS, STAR #16346, OFFICER McGREW, STAR #12540, OFFICER LACHANCE, STAR #19619, OFFICER SCHMIDT, STAR # 7442, and UNKNOWN CHICAGO POLICE OFFICERS:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331, 1343 (a), 1367; and the Constitution of the

United States.

## PARTIES

3. Plaintiffs are citizens of the United States of America, who currently reside in Cook County, Illinois.

4. Defendants, Officer Collins, Star #16346, Officer McGrew, Star #12540, Officer Lachance, Star #19619, Officer Schmidt, Star #7442 and unknown Chicago Police Officers were, at the time of this occurrence, duly licensed Police Officers employed by the Chicago Police Department and the City of Chicago. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. CITY OF CHICAGO, ("CITY") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On or about December 23, 2006, in the evening, Dion Henderson was at the police station at 61st and Racine.

7. Mr. Henderson was providing food for homeless people inside the station.

8. Ms. Calhoun picked up Mr. Henderson and a homeless man from the police station.

9. Roughly seven blocks away Defendant Officers pulled plaintiffs over at 63rd and Laflin.

10. Defendant Officers shouted for plaintiffs to get out of the car.

11. Defendant Officers slammed Mr. Henderson to the ground by his neck, tearing his shirt in the process.

12. Defendant Officers shoved Ms. Calhoun into their squad car and handcuffed her.

13. Defendant Officers called Ms. Calhoun a "bitch".

14. Defendant Officers performed illegal unauthorized searches of Ms. Calhoun's purse, her car, and her person.

15. Defendant Officers performed illegal unauthorized searches of Mr. Henderson's person.

16. Ms. Calhoun was held at the police station at 61rst and Racine without defendants telling her what she was charged with.

17. Ms. Calhoun was then transported to another police station where she was informed that she was charged with a DUI.

18. Defendants never administered a breathalyzer or field sobriety test on Ms. Calhoun.

19. Ms. Calhoun was not drunk, had not been drinking, and was not acting like she had been drinking.

20. One day later Mr. Henderson posted bond for Ms. Calhoun.

21. Mr. Henderson was falsely arrested for and improperly charged with resisting a peace officer.

22. Defendant police officers conspired and agreed amongst themselves to hide evidence of their brutality and their assault and to falsely charge Ms. Calhoun and Mr. Henderson with crimes that they knew they did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiffs'

3

arrests and injuries.

23. As a direct and proximate result of the malicious actions of the coconspirators, plaintiffs were injured, including but not limited to physical injuries, the loss of their freedom, damage to reputation, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, and extreme emotional distress.

24. Ms. Calhoun's car was impounded.

25. Charges against both plaintiffs were terminated in a manner indicative of their innocence.

**Count I**

**42 U.S.C. Section 1983 Fourth Amendment Violations — Illegal Searches and Seizures**

1-25. Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26. The searches and seizures of plaintiffs' persons, and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiffs' rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

27. As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty and the taking of their property. In addition, the violations proximately caused the plaintiffs great mental anguish and humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, all to their damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Officer Defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00),

and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

### Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-25.   Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26.   The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiffs without probable cause or any other justification, constituted deliberate indifference to plaintiffs' rights under the U.S. Constitution, thus violating the Fourteenth, Fourth, and Eighth Amendments to the United States Constitution.

27.   As a direct and proximate result of these Constitutional violations, plaintiffs were caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

### Count III

### 42 U.S.C. Section 1983 — Excessive Force

1-25.   Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26. The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against plaintiffs, thus violating their rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

27. As a proximate result of the above-detailed actions of defendants, Plaintiffs were injured, including pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**Count IV**

**745 ILCS 10/9-102: Indemnification**

1-25. Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26. Defendant City of Chicago is the employer of Officer Defendants.

27. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count V

### Respondeat Superior

1-25.   Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

27.   Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to respondeat superior, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count VI

### Malicious Prosecution — State Claim Against City of Chicago and Officers

1-25.   Plaintiffs reallege paragraphs 1 through 25 above, as if fully set forth here.

26.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiffs on false charges for which they knew there was no probable cause.

27.   The City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City of Chicago, and while acting within the scope of this employment.

28.   As a direct and proximate result of the malicious prosecution, Plaintiffs were damaged, including the value of their lost liberty, lost work, exposure to public scandal and

7

disgrace, damage to their reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiffs demand judgment against the City of Chicago and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

    Respectfully submitted,

    Dion Henderson and Deborah Calhoun,

    _s/ James M. Baranyk_
    By: One of plaintiffs' attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Smith, Johnson, & Antholt
112 S. Sangamon St, Third Floor
Chicago, Illinois 60607
312.432.0400

8